CLARENCE A. FOOTE and Another, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 18431.)

Court of Claims, November 7, 1930.

*James E. Cuff*, for the claimant.

*Albert Ottinger*, Attorney-General [*Frederick D. Colson*, Deputy Assistant Attorney-General, of counsel], for the defendant.

BARRETT, P. J. In May, 1925, the claimants entered into a contract with the State for the improvement of the Canisteo-Whitesville highway, part 5, in Steuben county, for a distance of four and eight thousand four hundred and thirty-seven ten-thousandths miles. The work under the contract so far as this claim is concerned consisted of laying a concrete pavement in two strips, each nine feet wide, six inches thick at the center line of the highway and increasing in thickness to seven inches at the outer edge, the pavement being laid in concrete slabs each nine feet wide and forty feet long consisting in all of 1,288 of such slabs.

Under the specifications which formed part of the contract, the State had the right of inspection and to require the removal and replacement of any work which was not performed in accordance with the requirements of the contract and plans. After the concrete pavement had been laid, officials of the State inspected the highway and drilled through the concrete at various places taking out cores to determine whether or not the pavement was of the required thickness. After this inspection, claimants were ordered by the State to take out and replace 102 of such slabs, which work was performed by the claimants under protest at a cost of $11,943.51, and this claim is for the recovery of said sum minus the sum of $359.16, the value of additional concrete which it is claimed should have been placed to make the pavement conform to the thicknesses required.

The State contends that it had the right to require the removal of said slabs from the pavement in that they did not conform to the contract, while claimants' contention is that the contract was substantially performed and they are, therefore, entitled to recover the cost of those portions of the pavement which they were required to remove and relay.

The testimony as to the measurements of the cores removed by the State is somewhat unsatisfactory on account of the absence from the State of a witness who took part in taking them out, but I think it can be gathered from the evidence that twenty-four of the said slabs where the cores were taken were over one-half but less than three-fourths of an inch thinner than the contract requirements, while in thirty-eight of said slabs the deficiency where the cores were taken, according to the core measurements, was three-fourths to one inch, and in the remaining forty slabs, the deficiency was one inch or more.

Claimants rely largely upon *Chambers* v. *State* (128 Misc. 227; affd., as modified, 220 App. Div. 797; affd., 246 N. Y. 608). In that case this court did not lay down any general rule governing similar cases but stated: " Each case of this character, of course, has to be determined on its own particular facts." In that case it appeared that only six slabs of pavement were ordered removed and relaid. It also appeared that the difference in thicknesses between the pavement as laid and as required by the contract as determined from measurements of cores were approximately from three-fourths to one inch while the measurements of the slabs themselves after being removed disclosed much slighter variations.

In this claim it appears from testimony produced by claimants that measurements of the removed slabs showed that in forty-one of them. where the measurements were taken at about the center of the road, and in three where the measurements were taken at the edges, the pavement was from twenty-six thirty-seconds of an inch to one and twenty-two thirty-seconds of an inch less than the contract requirements. In the *Chambers* case, so far as the measurements of the removed slabs disclosed, no such differences existed, the maximum being less than four-tenths of an inch.

The departures from the required thicknesses under the contract involved, so far as said forty-four slabs are concrened, were substantial. The measurements of these removed slabs indicated 1,760 feet of defective pavement. This was, in my judgment, not such a performance of the contract as to justify full recovery. It may be claimed that to hold that a deficiency of twenty-six thirty-seconds of an inch is not substantial performance is a purely arbitrary action, but the line must be drawn somewhere, and, to repeat, each case of this nature must be determined according to the facts disclosed. I think that the State had the right, under this contract, to order the removal of portions of the pavement which were substantially defective, and that right is not affected by the facts that more material than necessary was placed in the entire pavement or that the average deficiency of the whole pave-

ment from the contract requirements was, as claimed, less than one-third of an inch.

I am satisfied, after a careful consideration of the evidence in this claim and having in mind the decision in the *Chambers* case, that claimants are not entitled to an award for removing or relaying the forty-four slabs mentioned. So far as the remaining slabs or pavements are concerned, the variations were slighter and under the case cited, claimants in laying those slabs conformed substantially to the requirements of the contract, and are, therefore, entitled to an award for the value of the material and labor required in their removal and replacement as computed in accordance with the item prices in the contract less the value of the shortage.

ACKERSON, J., concurs.